IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARRELL M. CARTER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )     **CIVIL NO. 05-119-DRH** |
| | ) |
| **JOHN ANDERSON,** | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

Plaintiff filed this action on February 22, 2005, along with a motion to proceed *in forma pauperis*. On March 1, 2005, the Court ordered him to file a copy of his prison trust fund account statement within thirty days, warning him that the case would be closed if he failed to file that document within the allotted time. No response of any sort was received from Plaintiff, so on May 16, 2005, long after the 30-day period had expired, the Court entered judgment closing this case.

Now before the Court is Plaintiff's motion for reconsideration, filed pursuant to FED.R.CIV.P. 59(e) (Doc. 6). In support of his motion, he states that he was released from custody on February 24, 2005, just two days after he filed this action. He avers that a week prior to his release, he spoke with Mr. Anderson, the business administrator, about getting his statement; Anderson promised to mail him a copy at his home address. Apparently Anderson never made good on that promise, as Plaintiff never received his statement; therefore, he has been unable to comply with the Court's order.

A Rule 59(e) motion may only be granted if movant shows there was mistake of law or fact

or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993). Such is not the case here, and relief under Rule 59(e) is not warranted.

However, the Court finds that relief is warranted under Rule 60(b), which provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). Rather than wait for Plaintiff to file another motion in which he would, no doubt, repeat the arguments presented in his Rule 59(e) motion, the Court will now construe the instant motion as filed under Rule 60(b). As such, the motion is **GRANTED**. The judgment (Doc. 5) entered in this action on May 16, 2005, is **VACATED**; the Clerk shall **REOPEN THIS CASE**.

The Clerk shall also note Plaintiff's change of address, as reflected in his motion, and accordingly shall **CORRECT** the record in this case.

**IT IS SO ORDERED.**

**DATED:  May 20, 2005**

/s/    David RHerndon
**DISTRICT JUDGE**