**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DARRELL M. CARTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 05-119-DRH** |
| | ) | |
| **JOHN ANDERSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

Plaintiff, formerly an inmate in the Robinson Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis* (Doc. 2), and the Court finds that he is, in fact, indigent. Therefore, the motion for leave to proceed *in forma pauperis* is **GRANTED**.[1]

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.–** The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.–** On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

[1] Plaintiff was released from custody shortly after he filed this action. Therefore, the Court will not assess and collect the filing fee pursuant to the statutory formula. *See* 28 U.S.C. § 1915(b).

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

The subject of this action is simple: Plaintiff is upset because Anderson, the business administrator of inmate trust accounts at Robinson, would not give him interest on the funds in his trust fund account. Courts recognize that inmates may have a constitutionally protected property interest in the funds deposited in their prison trust accounts. *Campbell v. Miller,* 787 F.2d 217, 222 (7th Cir. 1986); *Gillihan v. Schillinger,* 872 F.2d 935, 939 (10th Cir. 1989); *Jensen v. Klecker,* 648 F.2d 1179, 1183 (8th Cir. 1989). However, the state of Illinois has not created a property interest in the *interest* accrued on such an account.

The due process guarantees of the Fifth and Fourteenth Amendments come into play only when a constitutionally protected liberty or property interest is at stake. *Board of Regents v. Roth,* 408 U.S. 564, 577 (1972). A protected property interest may arise from state law. *Id.* Illinois law provides that "[t]he Department shall establish accounting records with accounts for each person who has or receives money while in an institution or facility of the Department and it shall allow the withdrawal and disbursement of money by the person under rules and regulations of the Department." 730 ILCS 5/3-4-3(a). However, that law also specifies that "[f]or an individual in an institution or facility of the Adult Division the interest shall accrue to the Residents' Benefit Fund." *Id.* Therefore, this statutory provision does not create a property interest implicating constitutional rights to due process. *See also Washington Legal Foundation v. Texas Equal Access to Justice Foundation,* 873 F.Supp. 1, 7-8 (W.D.Tex. 1995) (prisoners have no protected property interest in

interest generated from their trust fund accounts); *Gray v. Lee*, 486 F.Supp. 41 (M.D.Md. 1980), *aff'd*, 661 F.2d 921 (4th Cir. 1981) (no property interest in earned interest on inmate account).

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: May 25, 2005**

/s/ David RHerndon
**DISTRICT JUDGE**